IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATTY A. MOYA,

        Plaintiff,

v.                                                           No. CIV-13-0810 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum (Doc. 19)*, filed January 28, 2014 (hereinafter "motion"). In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 4* and *8*]. On March 28, 2014, Defendant filed a response to the motion [*Doc. 20*], and, on April 10, 2014, Plaintiff filed a reply [*Doc. 21*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 16*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I.   Procedural History

On June 23, 2010, Plaintiff filed an application for Supplemental Security Income (hereinafter "SSI"), alleging that she became disabled on September 1, 2008.  [*Doc. 16-7* at 2-8]. Plaintiff stated that she became disabled due to damaged nerves on her right hand, depression, hepatitis C, and rheumatoid arthritis.  [*Doc. 16-8* at 6].  Her application was denied at the initial level on September 13, 2010 (*Doc. 16-5* at 2-5), and at the reconsideration level on January 27, 2011 (*Doc. 16-5* at 13-16).  Pursuant to Plaintiff's request (*see Doc. 16-5* at 17-19), Administrative Law Judge Ann Farris (hereinafter "ALJ") conducted a hearing on December 13, 2011.  [*Doc. 16-3* at 17-47].  At the hearing, Plaintiff was present, was represented by counsel and testified.  *Id.* at 23-39, 46.  In addition, Vocational Expert (hereinafter "VE"), Judy Beard, was also present and testified.  *Id.* at 39-46.

On February 13, 2012, the ALJ issued her decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  [*Doc. 16-3* at 11-16].  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 7), and, on June 26, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 2-4), which made the ALJ's decision the final decision of the Commissioner.  On August 28, 2013, Plaintiff filed her complaint in this case.  [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence

supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on May 19, 1964. [*Doc. 16-7* at 2]. Plaintiff has held jobs as an assembler, cashier, server, and telemarketer. [*Doc. 16-8* at 7]. Plaintiff alleges that she is unable to work because of damaged nerves on her right hand, depression, hepatitis C, and rheumatoid arthritis. *Id.* at 6. Plaintiff's medical records include: a Physical Residual Functional Capacity

Assessment, by Samuel Pallin, M.D., dated August 11, 2010 (*Doc. 16-10* at 35-42); and two Case Analyses, one by N.D. Nickerson, M.D., dated January 20, 2011 (*Doc. 16-11* at 28), and one by Elizabeth Chiang, M.D., dated January 22, 2011 (*id.* at 29).  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's application date of May 25, 2010. [*Doc. 16-3* at 13].  At step two, the ALJ found that Plaintiff has the following severe impairments: chronic deformities of the right hand, arthralgias secondary to hepatitis C and osteoarthritis of the right shoulder.  *Id.*  At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  *Id.* at 14.

Before step four, the ALJ determined that Plaintiff has the RFC "to perform light work as defined in 20 CFR 416.967(b) with occasional overhead reaching; frequent handling; occasional fingering with right hand and middle fourth and fifth fingers."  *Id.*  In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC]."  *Id.* at 15.  The ALJ stated that Plaintiff "has not generally received the type of medical treatment one would for a totally disabled individual."  *Id.*  The ALJ further found that Plaintiff's medical records show that she "failed to obtain medical follow-up for [rheumatoid arthritis]," that "minimization of arthralgia complaints could occur with proper treatment for hepatitis C," and that Plaintiff "fail[ed] to attend designated medical appointments

over a course of four consecutive months indicating a failure to adhere to prescribed treatment." *Id.* The ALJ noted that no restrictions have been placed on Plaintiff by a treating doctor, and the ALJ found that the opinions and conclusions by the state agency doctors support the ALJ's RFC determination. *Id.* at 15-16. At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a solderer. *Id.* at 16. The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## V.   Analysis

In her motion to reverse or remand, Plaintiff contends that the ALJ erred by finding that her past work as a solderer was relevant because Plaintiff did not earn enough at that job for it to qualify as substantial gainful activity (hereinafter, "SGA"). [*Doc. 19* at 5-6]. Plaintiff also contends that the ALJ erred by failing to determine the physical and mental demands of Plaintiff's past relevant work. *Id.* at 6-7. In response, Defendant argues that substantial evidence supports the ALJ's findings, the ALJ properly determined that Plaintiff's past relevant work was SGA, and that the ALJ properly determined the demands of Plaintiff's past relevant work. [*Doc. 20* at 3-9].

### A. Whether Plaintiff's Past Work was Relevant

Plaintiff first contends that the ALJ erred by finding that her past work as a solderer was relevant, because Plaintiff did not earn enough in this job for it to constitute SGA. [*Doc. 19* at 5-6]. Plaintiff states that the ALJ failed to acquire the starting and ending dates, and the pay stubs, from Plaintiff's employment with Sparton Technology, where Plaintiff worked as a solderer in 1999 and 2000. *Id.* at 6. Defendant, however, contends that the ALJ did not err in failing to obtain this information because Plaintiff did not suggest to the ALJ that her earnings as a solderer

did not constitute SGA.  [*Doc. 20* at 5-8].  Defendant further contends that Plaintiff's earning report showed that she earned enough at Sparton Technology as a solderer to constitute SGA.  *Id.* at 6-7.

In determining whether a claimant's past work experience qualifies as past relevant work, the ALJ must consider whether the work was performed within the last fifteen years, was SGA, and lasted long enough for the claimant to learn to do it.  *See* 20 C.F.R. § 416.960(b)(1).  The regulatory definition of SGA for purposes of determining a claimant's past relevant work is "work activity that involves doing significant physical or mental activities."  20 C.F.R. § 416.972(a).  The Social Security Administration's regulations state that a person's earnings may show that they have engaged in SGA.  20 C.F.R. § 416.974(a)(1) ("Generally, in evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity.").  The Social Security Administration's Program Operations Manual ("POMS") shows that from July 1, 1999 through the year 2000, monthly earnings averaging more than $700.00 per month meet the SGA guidelines.  *See* Social Security Online, POMS Section DI 10501.015, https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015!opendocument (last accessed August 19, 2014).

In Plaintiff's "Detail Covered FICA Earnings" report, Sparton Technology reported that Plaintiff earned $2,100.92 in 1999 and $2,043.79 in 2000.  [*Doc. 16-7* at 12-13].  At Plaintiff's hearing, the ALJ asked Plaintiff about her job at Sparton Technology and Plaintiff stated that she worked there for six months.  [*Doc. 16-3* at 24].  The ALJ asked Plaintiff if she worked there for three months in 1999 and three months in 2000, and Plaintiff stated, "Maybe that's what

7

happened[,] I think." *Id.* at 25. The Court rejects Defendant's contention that Plaintiff's testimony coupled with Plaintiff's earnings report provided the ALJ with sufficient information to determine that Plaintiff's work as a solderer was past relevant work. *See* [*Doc. 20* at 6]. Plaintiff's earnings at Sparton Technology total $4,144.71 which, when divided by the six months Plaintiff states she worked there, is $690.79 per month. This amount is less than the $700.00 per month required for a finding of SGA during this time period. Moreover, Plaintiff's testimony regarding how long she worked at Sparton Technology is unreliable, at best, given that the hearing took place more than eleven years after she had worked there, and Plaintiff testified that she could not remember the year in which she worked there. *See* [*Doc. 16-3* at 23-24] (Plaintiff testifies at first that she worked at Sparton Technology in 2002, and then, when the ALJ states that Plaintiff had no income for 2002, Plaintiff states "[m]aybe it was '98/'99[, ]I'm not sure"). Therefore, the Court finds that Plaintiff's earnings at Sparton Technology do not meet the SGA guidelines because it is not clear how much Plaintiff earned per month at this job.[1]

The Court rejects Defendant's contention that the ALJ did not err because Plaintiff failed to assert that her job as a solderer was not SGA and did not provide additional evidence about her past work. *See* [*Doc. 20* at 7-8]. In *Ogle v. Barnhart*, No. 04-6129, 123 Fed. Appx. 361, 364, 2005 WL 388735 (10th Cir. Feb. 18, 2005) (unpublished), the Tenth Circuit found that there was not enough evidence before the ALJ in that case for him to determine whether the claimant's past work qualified as SGA. The Tenth Circuit remanded the case to the district court with

---

[1] The Court notes that 20 C.F.R. § 416.974(c)(1) provides that work that a claimant has done for six months or less will not show SGA if the claimant was forced by his or her impairment to stop working or reduce the amount of work he or she was doing, in addition to meeting other conditions set forth in § 416.974(c)(2), (3), (4) and (5). It is not clear whether Plaintiff meets this criteria for an "unsuccessful work attempt," but the Court notes that her employment as a solderer for 6 months may not constitute SGA for this reason as well.

instructions to remand to the Commissioner, stating that "[o]n remand, the ALJ should develop the record sufficiently to permit him to ascertain whether [the claimant]'s past work in the dog-grooming business qualified as [SGA]."  *Id.*; *see also Stallings v. Astrue*, No. CIV-07-585-C, 2008 WL 2234637, at *6-8 (W.D. Okla. May 29, 2008) (unpublished) (finding that there was insufficient information before the ALJ regarding the claimant's past relevant work, and remanding the case for further findings).  Defendant cites to no authority that provides that it is Plaintiff's burden to provide additional information about her past work when the evidence before the ALJ is unclear regarding whether that past work is SGA.  Therefore, based on the ruling in *Ogle*, the Court finds that this case should be remanded for further development regarding Plaintiff's past relevant work.

### B.   The Demands of Plaintiff's Past Work

Plaintiff also contends that the ALJ erred by failing to made sufficient findings regarding the physical and mental demands of her past work as a solderer, and by delegating this fact-finding to the VE.  [*Doc. 19* at 6-7].  In response, Defendant contends that the ALJ properly determined the demands of Plaintiff's past work by stating that she considered all of the evidence in the record, and based on the testimony of Plaintiff and the VE at the hearing.  [*Doc. 20* at 8-9].

At step four, the ALJ is required to make findings of fact regarding three phases: (i) the individual's physical and mental RFC; (ii) the physical and mental demands of the individual's past relevant work, and (iii) the ability of the individual to return to past work in light of the individual's RFC.  *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996), and SSR 82-62, 1982 WL 31386, at *4.  These findings must be specific and must be made on the record at each

phase of the step four analysis. *Winfrey*, 92 F.3d at 1025. Here, the ALJ stated that she considered the VE's testimony that Plaintiff could perform her past relevant work, and stated: "In comparing the claimant's residual functional capacity with the physical and mental demands of past work, I find that the claimant is able to perform past relevant work as actually and generally performed." [*Doc. 16-3* at 16]. The ALJ failed to make any specific findings regarding the physical and mental demands of Plaintiff's job as a solderer. Without such findings, the ALJ was unable to make the necessary findings at phase three about Plaintiff's ability to meet the demands of her past relevant work in light of her RFC. *See Winfrey*, 92 F.3d at 1024-25 ("Having failed to complete phase two appropriately, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the mental demands of his past relevant work despite his mental impairments."); and *Sandusky v. Barnhart*, No. 06-1074-WEB, 2007 WL 496617 at *5 (D. Kan. Jan. 10, 2007) (unpublished) ("When the ALJ essentially skips the second phase of the step four analysis by not making any findings regarding the physical and mental demands of claimant's past work, either as performed or as it is generally performed in the national economy, then the case shall be remanded in order for the ALJ to make the specific factual findings regarding the demands of claimant's past relevant work.") (citation omitted). Since the ALJ failed to make the required findings regarding the physical and mental demands of Plaintiff's past work as a solderer and Plaintiff's ability to return to it in light of her RFC, the case must be remanded. If, upon remand, the ALJ finds that Plaintiff's past work is relevant, the ALJ must then make the appropriate findings regarding that work as set forth in *Winfrey*.

## VI. Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider Plaintiff's past relevant work at step four, as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's ***Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum*** *(Doc. 19)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes a. Martínez*
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**